IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Andrew Schrode, <br><br> Plaintiff(s), <br><br> v. <br><br> Arizona Beverages USA LLC, <br><br> Defendant(s). | No. 21-cv-03159 <br><br> Judge John F. Kness |

## ORDER

Defendant's motion to file excess pages [32] is denied. A response to a motion to amend is, as in this case, typically straightforward and should not require more than 15 pages. Indeed, many of Defendant's arguments in its proposed response brief appear to repeat those made in its pending motion to dismiss and are more appropriate confined to that device. Under Rule 15(a)(1) of the Federal Rules of Civil Procedure, "[a] party may amend its pleading once as a matter of course within . . . 21 days after service of a motion under 12(b)." Defendant filed a motion to dismiss under Rule 12(b) on 11/1/21 [11] and Plaintiff filed his motion to amend on 11/19/21—within the 21-day window. Although Plaintiff had previously amended his complaint (see Dkt. 4), that amendment was before Defendant had been served and was for the purpose of removing eleven "unrelated, extraneous pages, after the last page of the [complaint]" (Dkt. 21 at 1). The Court concludes that Plaintiff's motion is best understood as one "as a matter of course"--i.e. one under Rule 15(a)(1)--and grants it without requiring Plaintiff to file a reply brief in support of the motion. Even under the marginally more stringent standard of 15(a)(2), leave to amend should be "freely give[n]," a standard the Seventh Circuit has construed liberally especially after the filing of a motion to dismiss. See, e.g., Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n, 377 F.3d 682, 687 (7th Cir. 2004) ("That leave be 'freely given' is especially advisable when such permission is sought after the dismissal of the first complaint. Unless it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted, the district court should grant leave to amend after granting a motion to dismiss."). Accordingly, the Court would grant leave to amend even under Rule 15(a)(2). Having granted Plaintiff leave to amend [21], Plaintiff should file his amended complaint as a separate entry on the docket, and (as was required when he filed his motion to amend) should also file a redlined version of the amended complaint as a separate entry. In the light of the amended complaint, Defendant's pending motion to dismiss [11] is dismissed as moot. Defendant must answer or otherwise respond to the amended complaint on or before 1/17/2022 (allowing a modest amount of

extra time to account for the intervening holidays). Separately, counsel for both parties are directed to review all local rules as well as this Court's standing orders (available at https://www.ilnd.uscourts.gov/judge-info.aspx?Iu9/vqz23r5X7AkWx/nLtg==), especially those relating to memoranda of law, notices of motions, and amended complaints.

SO ORDERED.

Date: December 2, 2021

JOHN F. KNESS
United States District Judge